```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

  KEVIN JAMES MILLER,              :
                                   :
              Petitioner           :
                                   :   CIVIL NO. 1:CV-05-0789
         vs.                       :
                                   :   (Judge Caldwell)
  RAYMOND J. COLLERAN, et al.,     :
                                   :
              Respondents          :
                                   :
```

*M E M O R A N D U M*

*I.   Introduction.*

On April 19, 2005, Kevin James Miller, a Pennsylvania state prisoner, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Pending before the Court is Miller's motion for appointment of counsel (doc. 13). For the reasons that follow, the motion will be denied.

*II.  Discussion.*

There is no automatic constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule

8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2). Other factors a court must consider when making a decision regarding the appointment of counsel to represent a *pro se* prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. *Reese v. Fulcomer*, 946 F.2d 247, 264-265 (3d Cir. 1991).

In this case, appointment of counsel is not warranted at this time. Miller's petition for writ of habeas corpus was just recently served on Respondents. No response to the Petition has been filed yet. More importantly, Miller himself does not present *any* basis for the appointment of counsel. *See* Doc. 13. Miller's motion for counsel simply requests counsel without citing any reasons why one is needed.

To date, Miller has had no difficulty presenting his issues to the Court. Both his Petition for Writ of Habeas Corpus and his Memorandum in Support of his Petition are well-written and well-documented. No hearing has been scheduled. Petitioner's motion for appointment of counsel will therefore be denied. In

-2-

the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Petitioner.

      We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: June 20, 2005

```
            UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JAMES MILLER,                  :
                                     :
              Petitioner             :
                                     :   CIVIL NO. 1:CV-05-0789
         vs.                         :
                                     :   (Judge Caldwell)
RAYMOND J. COLLERAN, et al.,         :
                                     :
              Respondents            :
                                     :
```

*O R D E R*

AND NOW, this 20th day of June, 2005, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT Miller's Motion for Appointment of Counsel (Doc. 13) is denied without prejudice.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge